### WYNN & ROBINSON *v.* JONES.

BECK, J. 1. Where on the trial of a claim case the claimant introduced, in connection with other evidence to support her contention that she was the owner of the property levied upon, a mortgage given by the defendant in execution to his vendor for the purchase-money of a part of the property, which mortgage contained a clause retaining title in the vendor, and which had been transferred to the claimant, it was error for the court to charge the jury as follows: "In considering the question of fraud you look to the date of the papers; if the mortgage was transferred to the claimant prior to the date of the execution, the claimant would have a prior lien, and the property would not be subject;" although the mortgage and the transfer thereof were of an older date than the judgment upon which the execution was based, there being some evidence from which the jury might have found that the mortgage was a part of a fraudulent scheme between the defendant and the claimant to defeat the collection of the debt due plaintiff in execution; as the charge complained of had the effect of excluding such testimony from consideration by the jury.

2. No error is made to appear in the exceptions to the other rulings of the court.                    *Judgment reversed. All the Justices concur.*

SEPTEMBER 20, 1910.

Claim.  Before Judge Gilbert.  Muscogee superior court.  May 30, 1909.

*S. T. Pinkston,* for plaintiffs.  *W. H. McCrory,* contra.